[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] CORRECTED MEMORANDUM OF DECISION ON MOTION FOR MODIFICATION OF VISITATION (DOCKET ENTRY NO. 135), MOTION FOR CONTEMPT RE: VISITATION (DOCKET ENTRY NO. 138), MOTION FOR CONTEMPT RE: VISITATION (DOCKET ENTRY NO. 149.01), MOTION FOR CONTEMPT RE: VISITATION (DOCKET ENTRY NO. 154) MOTION FOR ORDER POST JUDGMENT (DOCKET ENTRY NO. 156) AND MOTION FOR CONTEMPT POST JUDGMENT (DOCKET ENTRY NO. 159)
All of these motions involve the issue of visitation. Docket entries numbered 135, 138 and 149.01 are plaintiff's motions. Docket entry number 154 is defendant's motion and docket entries numbered 156 and 159 are the children's attorney's motions.
The plaintiff's motion for modification seeks an order that the defendant's visitation be supervised. While the court finds that the defendant's observation of the court's orders previously entered is less than exemplary, the court does not find that the defendant's care of the children is unsafe or places them in any degree of danger. The children love their father very much. Any change in the father's ability to exercise less than free, open, flexible visitation would indicate to the children that it was their mother's fault. It is in the children's best interest that the defendant continue to have free, open and flexible visitations. The motion is, therefore, denied.
The motions, however, allege several facts that at least in September and October, viz-a-viz notice, the court finds to be true. This is true even later with regard to his discussion of legal and financial issues with the children, his undermining the children's relationship with their mother, and failing to return the children at appropriate times.
As to the plaintiff's motion for contempt (docket entry number 138) having to do with the trip to Florida in February, 1998 and the motion for contempt having to do with refusal to allow telephone contact and provide an itinerary and phone numbers and addresses where the children could be reached (docket entry number 149.01), the court finds there has been an intentional and wilful disregard of this court's orders and finds the defendant in contempt. This is particularly true of docket CT Page 13722 entry number 138. The defendant testified that he intentionally did not advise the plaintiff that he was taking the children to Florida because he thought she might take steps to thwart the scheduled visitation. The defendant can purge himself of the court's finding of contempt by a strict compliance with the orders the court shall enter on all of these motions which will follow.
As to the defendant's motion that the plaintiff be found in contempt for failure to follow the parties' stipulation of June 11, 1998, made an order of the court on that date (Kavanewsky, J.), the court does not find the plaintiff in contempt for failure to permit visitation on the date so specified. The court finds that the defendant himself caused the mixup of beginning dates for the visitation, so that the plaintiff was not in wilful disregard of the court's orders. That motion for contempt is denied.
Finally, as to the motion for order filed by counsel for the children, that motion is granted as to claims for relief 1 through 4 inclusive. The allegations of that motion are found to be true. As to the motion for contempt dated September 27, 1998, the court finds the allegations of that motion also to be true and finds an intentional and wilful disregard of the court's orders. The court finds the defendant in contempt.
The court has observed that the current orders of the court are that the parties enjoy joint legal custody of the minor children. Section 46b-56a(a) of the General Statutes provides, in part, as follows:
 For the purposes of this section, "joint custody" means an order awarding legal custody of the minor child to both parents, providing for joint decision-making by the parents . . . (Emphasis supplied.)
As the court has noted, the orders previously entered contemplate joint decision-making by the plaintiff and the defendant. It is obvious to the court that this is not occurring. Plaintiff should keep the defendant advised of all school functions, the children's subjects in school and their accomplishments including grades, sports and extracurricular activities. The defendant should keep the plaintiff advised of the children's dental care and Dr. Hashimi's orthodonture[1]. By the court's mentioning two specific areas, the court does not CT Page 13723 mean to exclude all other matters that must be communicated such as health, religion and all matters affecting the children's welfare.
The court enters the following orders, some of which have been entered before, but so that they may be constantly kept in mind, the court enters them again so that all orders may be in one place.
1. The children shall have open and frequent telephone contact with each parent. Each parent having the children with him or her shall facilitate and encourage telephone contact with the other parent.
2. Each party shall keep the other party continuously advised of the names, address and telephone numbers of the persons with whom the children may be staying.
3. Neither party shall remove the children or permit the children to be removed outside the states of Vermont, Connecticut and New York without advising the other party and shall supply that other party with an itinerary of the place or places the children will be staying together with addresses and telephone numbers. If such is not known, then the other party shall be telephoned immediately as soon as a location, address and telephone number becomes known.
4. Neither party shall discuss financial or legal issues involved in this case with the children. Neither party shall discuss any court proceedings with the children.
5. Neither party shall blame the other party for any visitation that does not occur or any orders, be they financial, custodial or visitational, entered by the court in the presence of the children.
6. The defendant shall give reasonable notice of the exercise of visitation. Reasonable notice shall mean at least 48 hours notice of the exercise of any visitation.
7. If the defendant is ever to pick up the children from school or to visit the children at school, he shall give at least 48 hours notice to the plaintiff of his intention to do so.
8. The defendant shall deliver the children after the exercise CT Page 13724 of visitation at an appropriate time having in mind the ages of the children, their health, homework requirements and their general welfare.
9. The defendant shall participate in the parenting education program and submit a certificate of satisfactory completion upon doing so.
10. Neither party shall denigrate the other party in the eyes of the children. Each party shall privately promote the relationship of the other party and the children.
11. Neither party shall speak disparagingly of the other to the children or in the presence of the children and shall instruct family members to behave in the same manner.
12. Neither party shall speak disparagingly of any attorney involved in this case, and specifically the defendant shall not be critical of the children's attorney to the children.
13. The defendant shall refrain from blaming the plaintiff or counsel for the children if he faces consequences for violation of any court orders.
14. The children shall not travel unaccompanied by a responsible adult, relative, friend, or one of their parents.
15. The children, while with either parent, shall view only age appropriate movies, video cassettes and television. The court recognizes that this is difficult to determine before the fact, but one must approach all mediums with caution in this regard.
16. Child support shall not abate in any way during visitation.
Orders shall enter in accordance with the foregoing.
The defendant may purge himself of the court's finding of contempt by a strict adherence to these orders. Failure on his part to observe these orders may result in his incarceration or in the modification of the current visitation orders. This is stated here so that the defendant will realize that in the past he has not complied with the court's orders with respect to no discussions with his children regarding court proceedings. He has not used his best judgment in his comments to the children CT Page 13725 regarding counsel, their mother and others. The court has not punished for his contempt on the philosophy that there are now two strikes against him. Next time, if there is a next time, it might be considered that that is three strikes against him. The defendant has to recognize that these orders must be complied with. Failure on plaintiff's part to observe these orders may also resort in modification of the orders of custody and visitation.
EDGAR W. BASSICK, III JUDGE TRIAL REFEREE